Larisa Migachyov (264669)
LAW OFFICES OF LARISA MIGACHYOV
Post Office Box 2061
San Francisco, California 94126-2061
Tel.: 650.218.5480
Email: larisa@lvmpatents.com

*Attorney for Plaintiff*
SMARTDATA, S.A.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SMARTDATA, S.A.,<br><br>Plaintiff,<br><br>v.<br><br>APPLE, INC.,<br><br>Defendant. | Case No. 12-cv-00583-JSC<br><br>AMENDED COMPLAINT FOR PATENT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff SMARTDATA, S.A. ("SmartData"), by and through its undersigned counsel, hereby alleges as follows:

## PARTIES

1. SmartData is a corporation organized under the laws of Switzerland with its principal place of business at CP 931, Rue de la Fusion 99, 1920 Martigny, Switzerland. SmartData does not do business in the Northern District of California.

2. Upon information and belief, Apple, Inc. ("Apple") is a corporation organized under the laws of the State of California with its principal place of business at 1 Infinite Loop, Cupertino, CA 95014, USA. Apple does business in the Northern District of California.

## JURISDICTION AND VENUE

3. This action for patent infringement arises under the patent laws of the United States, Title 35 of the United States Code. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Venue is proper in the Northern District of California under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

5. This Court has personal jurisdiction over Apple ("Defendant") because it resides within the State of California and within this judicial district, and because it has conducted and does conduct business within the State of California and within this judicial district.

## INTRADISTRICT ASSIGNMENT

6. This is an Intellectual Property Action to be assigned on a district-wide basis pursuant to Civil Local Rule 3-2(c).

## BACKGROUND

7. SmartData is a technology company specializing in wireless computing. SmartData develops wireless bridging solutions for portable devices and provides working reference designs, prototypes, and related services to major and leading companies wishing to extend their product portfolio with no or very short development efforts.

8. SmartData sought and obtained patent protection pertaining to its innovations in wireless computing technology. The inventions protected by SmartData's patents resulted from the investment of large monetary sums in research and development.

9. On January 2, 2007, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,158,757, entitled "Modular Computer" ("the '757 Patent"). A true and correct copy of the '757 Patent is attached hereto as Exhibit A.

10. SmartData is the owner by assignment of the '757 Patent and has the exclusive right to license the '757 Patent as well as to sue for and collect fees, costs, and damages, including damages for past infringement of the '757 Patent.

11. The '757 Patent generally relates to wireless computing technology.

12. Upon information and belief, Defendant is a global supplier of computing technology, including wireless computing technology. Defendant designs, manufactures, and markets and extensive portfolio of wireless computing devices and systems. Specifically, Defendant designs, manufactures, and markets the following products:

iPhone, iPad, iPod, AppleTV, Remote, AirPlay, and AirPort Express

(the "Accused Products").

13. Upon information and belief, Defendant has manufactured, used, caused to be used, offered to sell and/or sold its products, including but not limited to the Accused Products, in the Northern District of California and elsewhere in the United States.

14. Upon information and belief, Defendant has known of SmartData's intellectual property at least since July 30, 2004, when SmartData first contacted Defendant regarding the predecessor application to the '757 Patent, U.S. Pat. App. No. US2004/0142724.

15. Defendant corresponded with SmartData regarding a potential licensing offer for the predecessor application to the '757 Patent until mid-2006. On June 29, 2006, Defendant sent a letter to SmartData inviting "constructive dialog" regarding potential licensing of SmartData's intellectual property.

16. Despite further attempts on the part of SmartData to engage in licensing negotiations, Defendant abruptly ceased communication with SmartData following the letter dated

June 29, 2006, and failed to reply to SmartData's good-faith licensing offers for the predecessor application to the '757 Patent, expressed in correspondence dated September 6, 2006 and November 14, 2006, which remained unanswered.

17. The '757 Patent issued on January 2, 2007; SmartData referenced the '757 Patent in its correspondence to Apple of May 21, 2007, making yet another licensing offer, which also remained unanswered.

18. Upon information and belief, Defendant released one of the Accused Products, the AppleTV, in March of 2007. Another one of the Accused Products, the iPhone, was released in June of 2007. The Remote iPhone application, which enables an iPhone user to interact with the AppleTV, was released in July of 2008. The use of the Accused Products with an audio/video unit infringes the '757 Patent. Both Apple and its customers have used these products together and have practiced the '757 Patent.

19. At the time the Accused Products were released, Defendant was clearly aware of the '757 Patent. Defendant was also clearly aware of the '757 Patent during the time the Accused Products were being developed.

**COUNT I**

**(Infringement of the '757 Patent)**

20. SmartData hereby restates and realleges the allegations set forth in paragraphs 1-14 above and incorporates them by reference, as though fully set forth herein.

21. SmartData is informed and believes, and on that basis alleges, that Defendant has infringed and is infringing the '757 Patent, has contributed and is contributing to infringement of the '757 Patent, and/or has actively induced and is actively inducing others to infringe the '757 Patent, by committing acts defined in 35 U.S.C. § 271 as unlawful and infringing, including but not limited to making, using, offering for sale, selling and/or importing products that infringe one or more claims of the '757 Patent. Defendant's infringing products include, but are not limited to, the Accused Products. All such acts by Defendant have been without authority or license from SmartData.

22. As a consequence of Defendant's infringing activities, SmartData has been damaged in an amount not yet determined. Defendant's infringement of SmartData's exclusive rights under the '757 Patent will continue to damage SmartData, causing irreparable harm, for which there is no adequate remedy at law, unless Defendant is enjoined by this Court.

23. Upon information and belief, Defendant's infringement is willful and deliberate, entitling SmartData to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

WHEREFORE, SmartData prays for the following relief:

A. That the Court find and enter a judgment that Defendant has directly and/or indirectly infringed, induced infringement, and/or contributed to infringement of the '757 Patent;

B. That the Court find and enter a judgment that Defendant's infringement of the '757 Patent has been and continues to be willful;

C. That the Court enter a permanent injunction, pursuant to 35 U.S.C. § 283, enjoining Defendant and its officers, agents, servants, employees, successors, assigns, attorneys, and all others in active concert and/or participation with them from further directly infringing, indirectly infringing, inducing infringement and/or contributing to infringement of the '757 Patent;

D. That the Court find and enter a judgment, pursuant to 35 U.S.C. § 284, first paragraph, awarding SmartData damages, including an accounting of damages, adequate to compensate SmartData for Defendant's past and present infringement of the '757 Patent by payment of an amount not less than a reasonable royalty on Defendant's sales of infringing products, together with pre-judgment and post-judgment interest on the damages awarded, and costs;

E. That the Court award SmartData treble damages based on the willfulness of Defendant's infringement, pursuant to 35 U.S.C. § 284, second paragraph;

F. That the Court find and enter a judgment that this case is exceptional and award to SmartData its reasonable attorney fees, disbursements and costs in accordance with the law, including, but not limited to, 35 U.S.C. § 285; and

G. That the Court award SmartData any other relief that the Court may deem just, equitable, and proper.

**DEMAND FOR JURY TRIAL**

SmartData hereby demands a jury trial on all issues so triable.

Dated: March 2, 2012

Respectfully submitted,

By: ______________________

**LAW OFFICES OF LARISA MIGACHYOV**
Post Office Box 2061
San Francisco, CA 94126-2061
Tel.: 650.218.5480
Email: larisa@lvmpatents.com

*Attorney for Plaintiff*