MARK D. FOWLER, Bar No. 124235
mark.fowler@dlapiper.com
CHRISTINE K. CORBETT, Bar No. 209128
christine.corbett@dlapiper.com
DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, CA 94303-2214
Tel: 650.833.2000
Fax: 650.833.2001

DAVID ALBERTI, Bar No. 220625
dalberti@feinday.com
YAKOV ZOLOTOREV, Bar No. 224260
yzolotorev@feinday.com
Feinberg Day Alberti & Thompson LLP
401 Florence Street, Suite 200
Palo Alto, CA 94301
Telephone: (650) 618.4360

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

SMARTDATA, S.A.,

Plaintiff,

v.

APPLE INC.,

Defendant.

CASE NO. 12-CV-00583-JSC

**APPLE INC.'S ANSWER AND COUNTERCLAIMS TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

**DEMAND FOR JURY TRIAL**

Amended Complaint Filed: March 2, 2012

**APPLE'S ANSWER**

Defendant, Apple Inc. ("Apple") responds as follows to SmartData, S.A.'s ("SmartData") Amended Complaint For Patent Infringement ("Amended Complaint") as follows:

## PARTIES

1. Apple lacks sufficient knowledge or information to admit or deny the allegations of paragraph 1 of the Amended Complaint, and, on that basis, denies them.

2. Apple admits the allegations of paragraph 2 of the Amended Complaint.

## JURISDICTION AND VENUE

3. Apple admits the allegations of paragraph 3 of the Amended Complaint.

4. Apple admits the allegations of paragraph 4 of the Amended Complaint.

5. Apple admits the allegations of paragraph 5 of the Amended Complaint.

## INTRA-DISTRICT ASSIGNMENT

6. Apple admits the allegations of paragraph 6 of the Amended Complaint.

## BACKGROUND

7. Apple lacks sufficient knowledge or information to admit or deny the allegations of paragraph 7 of the Amended Complaint, and, on that basis, denies them.

8. Apple lacks sufficient knowledge or information to admit or deny the allegations of paragraph 8 of the Amended Complaint, and, on that basis, denies them.

9. Apple admits that United States Patent No. 7,158,757 ("the '757 patent") bears the quoted title "Modular Computer" and appears on its face to have been issued by the United States Patent and Trademark Office on January 2, 2007. Apple lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 9 of the Amended Complaint, and, on that basis, denies them.

10. Apple lacks sufficient knowledge or information to admit or deny the allegations of paragraph 10 of the Amended Complaint, and, on that basis, denies them.

11. Apple lacks sufficient knowledge or information to admit or deny the allegations of paragraph 11 of the Amended Complaint, and, on that basis, denies them.

12. Apple admits that it designs and markets the iPhone, iPad, iPod, AppleTV, AirPlay and AirPort Express products. Apple lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 12 of the Amended Complaint, and, on that basis, denies them.

13. Apple admits that it sold or offered for sale the iPhone, iPad, iPod, AppleTV, AirPlay and AirPort Express products in the Northern District of California. Apple denies that it manufactured the iPhone, iPad, iPod, AppleTV, AirPlay and AirPort Express products in the Northern District of California. Apple lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 13 of the Amended Complaint, and, on that basis, denies them.

14. Apple denies the allegations of paragraph 14 of the Amended Complaint.

15. Apple admits that on June 29, 2006, Apple sent a letter to Jean-Pierre Buttet of SmartData and stated: "Therefore, we invite constructive dialog regarding systems and products that would be mutually beneficial and can be considered by our product and engineering managers without the hindering threat of legal action." Apple denies the remaining allegations of paragraph 15 of the Amended Complaint.

16. Apple lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 16 of the Amended Complaint, and, on that basis, denies them.

17. Apple admits that SmartData's May 21, 2007 letter from Jean-Pierre Buttet identifies U.S. Patent No. 7,158,757 and that the '757 patents appears on its face to have been issued by the United States Patent and Trademark Office on January 2, 2007. Apple denies the remaining allegations of paragraph 17 of the Amended Complaint.

18. Apple admits that it released AppleTV (1st generation) in March 2007 and the original iPhone in June, 2007. Apple lacks sufficient knowledge or information to admit or deny the allegations concerning the "Remote iPhone application" of paragraph 18 of the Amended Complaint, and, on that basis, denies them. Apple denies the remaining allegations of paragraph 18 of the Amended Complaint.

19. Apple admits it became aware of the '757 patent at least as of May, 2007. Apple denies the remaining allegations of paragraph 19 of the Amended Complaint.

**<u>COUNT I – Infringement of the '757 Patent</u>**

20. Apple hereby incorporates by reference paragraphs 1-14 above.

21. Apple denies the allegations of paragraph 21 of the Amended Complaint.

22. Apple denies the allegations of paragraph 22 of the Amended Complaint.

23. Apple denies the allegations of paragraph 23 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense**
**(Failure to State a Claim)**

The Amended Complaint fails to state a claim upon which relief can be granted because Apple has not performed any act or thing, and is not proposing to perform any act or thing, in violation of any rights validly belonging to SmartData under the '757 patent.

**Second Affirmative Defense**
**(Non-Infringement)**

As and for a separate affirmative defense, Apple alleges that it has not and does not directly, indirectly, contributorily and/or by inducement, infringe any claim of the '757 patent, literally or under the doctrine of equivalents.

**Third Affirmative Defense**
**(Invalidity)**

As and for a separate affirmative defense, Apple alleges on information and belief that one or more claims of the '757 patent are invalid for failing to comply with the provisions of the patents laws, 35 U.S.C. § 1 et seq., including, but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and 132.

**Fourth Affirmative Defense**
**(Limitation on Damages)**

As and for a separate affirmative defense, Apple alleges on information and belief that SmartData's recovery for alleged infringement of the '757 patent, if any, is limited to any alleged infringement committed no more than six years prior to the filing of its claims pursuant to 35 U.S.C. § 286.

**Fifth Affirmative Defense**
**(Patent Marking)**

As and for a separate affirmative defense, Apple alleges on information and belief that any

claim for damages for patent infringement by SmartData is limited, at a minimum, by 35 U.S.C. § 287 to those damages occurring only after the notice of infringement.

**Sixth Affirmative Defense**
**(Prosecution History Estoppel)**

As and for a separate affirmative defense, by reason of proceedings in the Patent and Trademark Office during the prosecution of the applications that resulted in the '757 patent, as shown by its file history, and by reason of the amendment, cancellation or abandonment of claims, and the admissions and other amendments made therein by or on behalf of the patentee, SmartData is estopped to claim a construction of the '757 patent that would cause any valid claim thereof to cover or include any product manufactured, used, sold or offered for sale by Apple.

**Seventh Affirmative Defense**
**(Laches)**

On information and belief, SmartData's claims for relief are barred in whole or in part against Apple by the doctrine of laches.

## APPLE'S COUNTERCLAIMS

## JURISDICTION AND VENUE

1. Counterclaimant Apple is a California corporation with its principal place of business at 1 Infinite Loop, Cupertino, California 95014.

2. On information and belief, Counter-defendant SmartData is a corporation organized under the laws of Switzerland with its principal place of business at CP 931, Rue de la Fusion 99, 1920 Martigny, Switzerland.

3. This Court has personal jurisdiction over SmartData. By filing its Amended Complaint in this Court, SmartData has subjected itself to the personal jurisdiction of this Court.

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.

5. Venue in this judicial district is proper for these counterclaims under 28 U.S.C. § 1391 and because SmartData filed its Amended Complaint for patent infringement in this Court.

**FIRST COUNTERCLAIM**
**(Declaration of Non-infringement of the '757 Patent)**

6. Apple incorporates and realleges paragraphs 1 through 5 of these Counterclaims.

7. SmartData alleges it is the owner of the '757 patent, and SmartData brought suit against Apple for infringement of the '757 patent.

8. The '757 patent is not infringed by any products made, used, sold, offered for sale in, or imported into, the United States by Apple.

9. An actual case or controversy exists between Apple and SmartData because SmartData filed an Amended Complaint alleging infringement of the '757 patent.

10. Apple has been injured and damaged by SmartData filing of a complaint asserting infringement of the '757 patent, which is not infringed by Apple.

11. Declaratory relief is both appropriate and necessary to establish that the '757 patent is not infringed by any products made, used, sold, offered for sale in, or imported into, the United States by Apple.

**SECOND COUNTERCLAIM**
**(Declaration of Invalidity of the '757 patent)**

12. Apple incorporates and realleges paragraphs 1 through 5 of these Counterclaims.

13. SmartData alleges it is the owner of the '757 patent, and SmartData brought suit against Apple for infringement of the '757 patent.

14. The '757 patent is invalid for failing to comply with the provisions of the patent laws, 35 U.S.C. § *et seq*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112 and 132.

15. An actual case or controversy exists between Apple and SmartData because SmartData filed a complaint against Apple alleging infringement of the '757 patent.

16. Apple has been injured and damaged by SmartData filing a complaint asserting infringement of the '757 patent, which is invalid.

17. Declaratory relief is both appropriate and necessary to establish that the '757 patent is invalid.

## APPLE'S PRAYER FOR RELIEF

**WHEREFORE**, Apple Inc. prays for relief as follows:

1. That SmartData' Amended Complaint be dismissed with prejudice and that SmartData recover nothing thereon;
2. A declaration that Apple has not infringed and is not infringing, directly or indirectly, any claims of the '757 patent;
3. A declaration that the '757 patent is invalid;
4. For costs and attorneys' fees in connection with the Amended Complaint and the Counterclaims pursuant to 35 U.S.C. § 285;
5. For such other and further relief as the Court deems just and proper.

Dated: April 4, 2012

DLA PIPER LLP (US)

By: */s/ Christine K. Corbett*
MARK D. FOWLER
CHRISTINE K. CORBETT

Attorneys for Defendant
APPLE INC.

**DEMAND FOR JURY TRIAL**

Apple demands a trial by jury on SmartData's Amended Complaint and Apple's Counterclaims for all issues so triable.

Dated: April 4, 2012

DLA PIPER LLP (US)

By: */s/ Christine K. Corbett*
MARK D. FOWLER
CHRISTINE K. CORBETT

Attorneys for Defendant
APPLE INC.